UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-268-KKC

SHERRY MAY,
o/b/o SHERRE MAY,                                                                          PLAINTIFF,

V.         **MAGISTRATE JUDGE'S REPORT
               AND RECOMMENDATION**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                      DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Sherry May, has brought this action on behalf of her daughter, Sherre Whitney May, under 42 U.S.C. § 405(g) to challenge a final decision of Defendant Commissioner denying her application for Supplemental Security Income payments. This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it will be recommended that Plaintiff's motion for summary judgment be denied, Defendant's motion for summary judgment be granted and Judgment entered affirming the final decision of the Defendant Commissioner.

1

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Sherre Whitney May (hereinafter "Plaintiff") was nine (9) years old (Tr. 31) and enrolled in the fourth grade (Tr. 32) at the time of the administrative decision. Plaintiff has never engaged in any substantial gainful employment. (Tr. 15.)

Plaintiff's mother filed the current application for Supplemental Security Income payments on April 17, 2001. (Tr. 66-67.) The claim was denied initially on August 7, 2001 (Tr. 45), and on reconsideration on June 11, 2002 (Tr. 46). On December 12, 2002, an administrative hearing was conducted by Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ"), where Plaintiff, represented by counsel, testified. (Tr. 26-44.) Sherry May, Plaintiff's mother, also testified at the hearing. (Tr. 39-43.)

On April 17, 2003, the ALJ issued his decision finding Plaintiff not disabled. (Tr. 14-19.) ALJ Chwalibog determined that Plaintiff has a speech impediment, which he classified as a severe impairment. (Tr. 18.) However, the ALJ found that Plaintiff did not meet or equal the severity of any impairment in the Listing of Impairments. (Id.) Furthermore, the ALJ found that Plaintiff's impairment was not functionally equivalent in severity to any listed impairment. (Id.) Accordingly, the ALJ found Plaintiff not to be disabled at Step 3 of the special sequential evaluation process for children. (See infra III(B) for explanation of sequential evaluation process

for children.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 21, 2004. (Tr. 4-6.) Plaintiff's mother filed this action thereafter and the parties' motions for summary judgment (Record Nos. 12 and 13) are now ripe for review.

### III. ANALYSIS

A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). "Substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230,

1233 (6th Cir. 1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987)).

  B. The Applicable Law in Child Benefits Cases

  The correct sequential evaluation process for a child benefits claim for Supplemental Security Income, which is comparable to, but not the same as that for adults, is as follows:

> 1. Whether the child is engaging in substantial gainful activity;
> 2. If not, whether the child has a medically determinable impairment or combination of impairments that is severe; and
> 3. If the child's impairment(s) is severe, whether it meets or medically equals the requirements of a listing, or whether the functional limitations caused by the impairment(s) are the same as the disabling functional limitations of any listing and, therefore, functionally equivalent to such listing.

> As in the prior sequential evaluation process, we will follow the steps in order. If a determination or decision can be made at a step, we will stop; if not, we will proceed to the next step.

62 FR 6408, 6411 (1997); see also 20 C.F.R. § 416.924(a)-(d).

The Step 2 analysis for a severe impairment is detailed in 20 C.F.R. §416.924: "If you do not have a medically determinable impairment, or your impairment(s) is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations, we will find that you do not have a severe impairment(s) and are, therefore, not disabled." Id. at § 416.924(c). The threshold burden of proving that a severe impairment exists rests with Plaintiff. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988); see also Smith ex rel. Enge v. Massanari, 139 F Supp. 2d 1128, 1132 (C.D. Cal. 2001) (stating in a child benefits case that "[t]he claimant bears the burden of establishing a prima facie case of disability.") (citing Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996)). If a plaintiff is found not to have a severe impairment under the regulations, then the disability analysis stops, as the plaintiff has been found not disabled. 20 C.F.R. §416.924(a). However, if a plaintiff is found to have a severe impairment, a Step 3 analysis is necessary; the Commissioner must determine if the plaintiff's impairment is medically or functionally equivalent to a listing. (Id.)

In analyzing medical equivalence "[w]e will compare the symptoms, signs, and laboratory findings about your impairment(s), as shown in the medical evidence we have about your claim, with the corresponding medical criteria shown for any listed impairment." 20 C.F.R. § 416.926(a). "By 'functionally equal the listings,' we mean that your impairment(s) must be of listing-level severity; *i.e.*, it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain..." 20 C.F.R. §416.926a(a). The six domains that must be evaluated by the Commissioner to ascertain functional equivalence include:

(i)   Acquiring and using information;
(ii)  Attending and completing tasks;
(iii) Interacting and relating with others;
(iv)  Moving about and manipulating objects;
(v)   Caring for yourself; and
(vi)  Health and physical well-being.

20 C.F.R. §416.926a(b)(1). A limitation is considered "marked" if it seriously interferes with Plaintiff's ability to "independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2). A limitation is considered "extreme" if it very seriously interferes with Plaintiff's ability to engage in activities; it is the rating given to the worst limitations. 20 C.F.R. §416.926(e)(3). The responsibility to determine both medical and functional equivalence rests solely with the Commissioner. See 20 C.F.R. § 416.926(d); 20 C.F.R. § 416.926a(n).

C.  Plaintiff's Contentions on Appeal and Analysis

Plaintiff asserts a single claim of error in her Memorandum Brief in support of her motion for summary judgment. (Record No. 12, Memorandum in Support.) Therein, Plaintiff contends that the ALJ's finding that Plaintiff is not disabled is erroneous because the ALJ erred in failing to obtain medical expert testimony regarding medical equivalence after receiving Plaintiff's school grades into evidence. (Id. at pp. 2-9.) Plaintiff acknowledges that the state agency medical staff evaluated Plaintiff's case in July 2001 and June 2002. (Id. at p. 7) (citing Tr. 145-152; 177-183.) However, Plaintiff contends that the ALJ was obligated to obtain an updated medical opinion regarding Plaintiff's speech impairment upon the submission of Plaintiff's school grades following the 2002-2003 school year. (Id. at pp. 7-8.) Plaintiff argues that her academic decline is relevant to the ALJ's medical equivalence finding and should have been considered by the state agency expert in the medical evaluation of her speech impairment. (Id.)

In response, the Commissioner first argues that the school records which Plaintiff purports were critical to the expert evaluation are not considered "medical evidence" for purposes of medical evaluation. (Record No. 13, Memorandum in Support, pp. 6-7.) Second, the Commissioner asserts that even if a medical expert were to consider Plaintiff's school grades, this piece of evidence would not demonstrate medical equivalence to any listing. (Id. at p. 7.) Finally, the

Commissioner notes that Plaintiff relies primarily upon the decline of her "Conduct" grade to suggest the existence of a listing-level impairment. (Id.) The Commissioner observes, however, that four of her other grades actually improved and one grade remained unchanged. (Id.) The Commissioner concludes that the ALJ was not obligated to seek an additional medical evaluation and that his finding that Plaintiff was not disabled was supported by substantial evidence. (Id. at p. 8.)

As dictated by the social security regulations, an ALJ can determine that an impairment is medically equivalent to a listed impairment in two ways:

> (1)(i) If you have an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but-
> (A) You do not exhibit one or more of the medical findings specified in the particular listing, or
> (B) You exhibit all of the medical findings, but one or more of the findings is not as severe as specified in the listing;
> (ii) We will nevertheless find that your impairment is medically equivalent to that listing if you have other medical findings related to your impairment that are at least of equal medical significance.
> (2) If you have an impairment that is not described in the Listing of Impairments in appendix 1, or you have a combination of impairments, no one of which meets or is medically equivalent to a listing, we will compare your medical findings with those for closely analogous listed impairments. If the medical findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

20 C.F.R. § 416.926(a)(1). However, medical equivalence must be based on *medical evidence only*. 20 C.F.R. §416.926(b) (emphasis added.) Furthermore, any medical

8

findings utilized in the determination of medical equivalence must be supported by medically acceptable clinical and laboratory diagnostic techniques. (Id.)

In this case, Plaintiff was evaluated on two separate occasions by state agency medical consultants in July 2001 and June 2002. (Tr. 145-152; 177-183.) In both instances, the physicians concluded that Plaintiff suffered from a severe impairment, but that the impairment did not medically equal a listing. (Id.) Plaintiff asserts that a third medical evaluation was warranted after the submission of her 2002-2003 "school records" and that the ALJ's failure to do so constitutes reversible error. (Record No. 12, p. 7.) As the Commissioner observes, these "school records" consist merely of Plaintiff's report card and, moreover, do not document the academic decline that Plaintiff alleges occurred during the school year. (Record No. 13, p. 6.) Even if Plaintiff's report card had demonstrated an overall deterioration in her school performance, her educational record is not medical evidence as defined by the regulations discussed previously; Plaintiff's grades were not the product of medically acceptable clinical or laboratory testing. See 20 C.F.R. § 416.926(b).[1] Therefore, the ALJ was under no obligation to seek a third medical evaluation based only on the

---

[1] In making this determination, the undersigned reserves comment upon whether or not a claimant's academic performance may influence the ALJ's functional equivalence determination. Plaintiff's single claim of error alleges only that the *medical* equivalence determination was in error as the ALJ failed to obtain an additional medical evaluation following the submission of Plaintiff's school grades. As a result, the undersigned addresses this argument only.

9

Plaintiff's report card.

Plaintiff bears the burden of proof on appeal to the district court to prove that the administrative decision was in error. Scharlow v. Schweiker, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991). This burden on appeal stems from the overall burden Plaintiff bears to prove disability at all stages of the administrative proceedings. Scharlow, 655 F.2d at 648; Brooks, 766 F.Supp. at 588; see 20 C.F.R. 404.1512(a)(c); see also 42 U.S.C. 405(g).

Because Plaintiff bears the burden of proof on appeal, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence. Pugh v. Sec'y of Health, Educ. & Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978). In this case, Plaintiff does not dispute the medical conclusions offered by the two state agency experts; she only challenges the ALJ's refusal to obtain a third medical evaluation upon receiving her report card. (Record No. 12, pp. 7-8.) Furthermore, Plaintiff fails to acknowledge the evidence of record documenting an improvement in her speech and language impairments presumably due to school-based speech therapy. (Tr. 173-174.) Plaintiff thus having failed to satisfy her burden of showing that the ALJ committed any error under applicable law, it shall be recommended that the decision of the Commissioner on this sole issue raised by Plaintiff be affirmed.

## IV.  CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: the Defendant Commissioner's motion for summary judgment (Record No. 13) be granted; Plaintiff's motion for summary judgment (Record No. 12) be denied; Judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice; and, that this action be stricken from the court's docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting, Inc. 236 F.Supp.2d 737, 749-750 (E.D. Ky. 2002).  General objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within ten (10) days after being served a copy thereof.  28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed April 6, 2005.



Signed By:
Peggy E. Patterson  PEP
United States Magistrate Judge

Date of Entry and Service: